Paul W. Shakespear (14113)
W. Danny Green (16212)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1531
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
pshakespear@swlaw.com
dgreen@swlaw.com

Christopher S. Finnerty (*Pro Hac Vice*)
Morgan T. Nickerson (*Pro Hac Vice*)
Emily E. Gianetta (*Pro Hac Vice*)
Jack S. Brodsky (*Pro Hac Vice*)
**K&L GATES, LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3134
Facsimile: (617) 261-3175
chris.finnerty@klgates.com
morgan.nickerson@klgates.com
emily.gianetta@klgates.com
jack.brodsky@klgates.com

*Attorneys for Plaintiff Nutramax Laboratories, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Nutramax Laboratories, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Hashtag Fulfillment LLC d/b/a Nutra Max Labs, Inc, Private Label Sk.In, NA, LLC d/b/a Nutra Max Labs Inc, Spinzar Fulfillment Corporation d/b/a Nutra Max Labs Inc, and Does 1-10,<br><br>Defendants. | Civil Action No. 2:17-cv-01174-EJF<br><br>**SHORT FORM MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS** |

Under Local Rule 37-1(a)(3), Plaintiff Nutramax Laboratories, Inc. ("Nutramax") moves to compel Defendants Hashtag Fulfillment LLC d/b/a Nutra Max Labs, Inc. and Private Label Sk.In, NA d/b/a Nutra Max Labs Inc. (together, "Defendants") to produce documents. *See* Fed. R. Civ. P. 37. Parties may discover "any [non-privileged] matter . . . relevant to the claim or defense of any party." *Id.* 26(b)(1). When a party fails to respond to discovery, an order compelling production is appropriate. *Id.* 37(a)(2).

## I.   Background

The Court denied Nutramax's earlier motion to compel because "[a]s drafted, document request no. 14 [was] overbroad and potentially [sought] information that is not 'relevant to any party's claim or defense' in this case." ECF No. 82. Subsequently, Nutramax served Defendants with a narrower request (No. 18) seeking "[a]ll documents and communications concerning investigations by news agencies, government agencies, or any other third-parties, including but not limited to the Better Business Bureau, *concerning the Infringing Products, the Infringing Websites, or the Risk-Free Trial Scams*." *See* Exhibit 1 (emphasis added). This request seeks documents going to the heart of Nutramax's complaint, yet Defendants objected that the request is "overbroad and seeks irrelevant information" and stated they are "not in possession of any documents or communications." *See id.* After a discovery conferral, Defendants' counsel clarified that Defendants *have not looked* for documents concerning the Risk-Free Trial Scams.

## II.   Defendants' Objections are Improper and Should Be Overruled

Nutramax alleges that Defendants acted with willful intent to carry out fraudulent scams, deceive customers, and injure the rights of third party intellectual property holders, which here resulted in harm to Nutramax. The allegations tie directly to the Infringing Products, the Infringing Websites, and the Risk-Free Trial Scams, all terms defined in the Complaint. Request

No. 18 seeks documents regarding any investigations regarding those specifically defined terms. Defendants' participation in the scams is relevant to establishing their level of intent which is relevant, among other things, to whether Nutramax is entitled to treble damages for knowing and willful conduct under 15 U.S.C. § 1117 and Utah's Unfair Competition Act. Moreover, public information reveals at least two investigations involving the Defendants' fraudulent conduct, which makes it likely that Defendants have responsive documents. *See* Better Business Bureau Business Alert;[1] CBS News Investigation, November 2017 (PLS "**_sent [BBB] a lengthy and detailed document_** nearly a year ago'")) (emphasis added).[2]

Defendants' boilerplate objections — which the 2015 amendments to Rule 34 were intended to eliminate[3] — merit no consideration, and Defendants should be compelled to produce documents responsive to the now-narrowed Request.

***

Time is of the essence. Defendants' depositions are set for mid-May, and Nutramax needs the documents that Defendants have improperly withheld regarding investigations to question their witness(es). Nutramax requests an order granting it reasonable fees and costs, including travel costs, if it must depose Defendants again due to their withholding of these materials.

---

[1] Available at https://www.bbb.org/us/fl/saint-petersburg/profile/not-elsewhere-classified/private-label-skin-na-llc-0653-90301252/details#all-alerts.

[2] Available at https://www.cbsnews.com/news/private-label-skin-hashtag-fulfullment-beauty-cream-business-investigation/.

[3] *See, e.g., Liguria Foods, Inc. v. Griffith Labs., Inc.*, 30 F.R.D. 168, 184–85 (N.D. Iowa 2017) (Rule 34 objections require "specificity").

Dated: April 4, 2019

*/s/ W. Danny Green*
Paul W. Shakespear (14113)
W. Danny Green (16212)
**SNELL & WILMER, LLP**

Chris S. Finnerty (*pro hac vice*)
Morgan T. Nickerson (*pro hac vice*)
Emily E. Gianetta (*pro hac vice*)
Jack S. Brodsky (*pro hac vice*)
**K&L GATES LLP**

*Attorneys for Plaintiff Nutramax Laboratories, Inc.*

## MEET AND CONFER CERTIFICATION

Nutramax has reasonably tried to resolve this discovery dispute without court intervention. The parties, through Jennifer Nagle, counsel for Nutramax, and Jeremy Stuart, counsel for Defendants, held a telephonic meet and confer conference regarding this discovery dispute most recently on March 18, 2019. The parties also exchanged correspondence, before and after the conferral, regarding the dispute. Despite these efforts, Defendants declined to produce the requested discovery.

4819-3901-6594