Ruth A. Shapiro, 9356
Jeremy S. Stuart, 13877
Erika M. Larsen, 16494
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
ras@scmlaw.com
jss@scmlaw.com
eml@scmlaw.com
*Attorneys for Defendants Hashtag Fulfillment, LLC
and Private Label Sk.In NA, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HASHTAG FULFILLMENT, LLC, PRIVATE LABEL SK.IN NA, LLC SPINZAR FULFILLMENT CORPORATION, and DOES 1-10 <br><br> Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S SHORT FORM MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS** <br><br> Case No. 2:17-cv-01174-JNP-PMW <br><br> Judge Jill N. Parris <br> Magistrate Judge Paul M. Warner |

Pursuant to DUCivR 37-1(6), Defendants hereby oppose Plaintiff's Motion to Compel,[1] stating as follows:

Plaintiff continues to seek discovery governed by the Court's prior order denying Plaintiff's motion to compel. Plaintiff alleges it has narrowed the previous request to documents and communications "concerning the Infringing Products, the Infringing Websites, or the Risk-

---

[1] ECF 91.

Free Trial Scams."[2] Defendants similarly objected to this request as overbroad as it is still not limited to any specific timeframe, and it still seeks irrelevant information not at issue in this case. As the Court previously ordered, these objections have merit. While Plaintiff's request seems to add a subject matter, the subject matter is still inappropriately broad. Plaintiff still seeks the same information it sought in its previous request,[3] which the Court ruled was "overbroad and potentially seeks information that is not 'relevant[.]'"[4] Plaintiff previously conceded that the investigations sought after involve conduct, products, and manufacturers wholly unrelated to this case. Again, the salient issue in this case relates to trademark infringement related to two products narrowly defined in the Complaint as, "Steelcut Testosterone" and "Muscle Boost XT."[5] Investigations related to different products that did not involve trademark infringement claims are not relevant to any of the present issues.

Moreover, Plaintiff's motion identifies that the three subject matters of the request are defined by the Complaint. According to the Complaint, the only infringing products referred to are the two products listed above. Additionally, the only infringing website referred to in the Complaint is the web pages used to sell those two products,[6] and the only risk-free trial referred to is a trial for the same two products.[7] As indicated by Defendants' response to the discovery request,[8] and as communicated during a discovery conferral, Defendants have searched for, and failed to find, any responsive documents pertaining to the two products at issue. Accordingly,

---

[2] ECF 91-1, p. 3.
[3] Plaintiff admittedly seeks information regarding inspections related to separate products and distributors, and not related to the products at issue in this case.
[4] ECF 82, p. 2.
[5] ECF 2, ¶ 2.
[6] *Id.* ¶ 4.
[7] *Id.* ¶ 5.
[8] ECF 91-1, p.3.

Defendants have satisfied Plaintiff's discovery requests within the bounds of the previous Court order.

Finally, Plaintiff's request for reasonable fees and costs for future depositions is inappropriate. While depositions have been previously discussed between the parties, no such depositions have been scheduled or noticed to date. An award for fees and costs for depositions that have not been noticed is improper and should be denied.

Based upon the foregoing, Defendants request the Court deny Plaintiff's Motion to Compel and deny Plaintiff's request for fees and costs.

DATED this 11th day of April, 2019.

SNOW CHRISTENSEN & MARTINEAU

/s/Jeremy S. Stuart
Ruth A. Shapiro
Jeremy S. Stuart
Erika M. Larsen
*Attorneys for Defendants*
*Hashtag Fulfillment, LLC*
*and Private Label Sk.In NA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2019, I caused to be served a true and correct copy of the forgoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S SHORT FORM MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS** electronically via CM/ECF which sent notification of such filing to all counsel of record.

/s/ Deidra Sandoval